350                    July 30, 2025                 No. 697

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. D. R.,
*Appellant.*

Lane County Circuit Court
23JU01949; A186546

Amit K. Kapoor, Judge.

Submitted June 18, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from a judgment that changed the permanency plan for her daughter, F, from reunification to guardianship. On appeal, she contends that the juvenile court erred in relying on facts extrinsic to the jurisdictional bases when evaluating the reasonableness of the Oregon Department of Human Services' (ODHS) reunification efforts and the sufficiency of mother's progress and, ultimately, in changing F's permanency plan from reunification to guardianship. We affirm.

During the permanency hearing, mother agreed that guardianship—not reunification—was the best plan for F. The only dispute was whether that guardianship should be a permanent or durable guardianship.[1] *Compare* ORS 419B.365 (permanent guardianship) *with* ORS 419B.366 (durable guardianship). Thus, with respect to mother's third assignment of error—that the juvenile court erred in changing F's permanency plan away from reunification—mother invited any error. *See Dept. of Human Services v. M. A. T.*, 335 Or App 294, 302, 558 P3d 60 (2024), *rev den,* 373 Or 282 (2025) (explaining that the "invited error doctrine * * * applies in cases where a party has invited the trial court to rule in a particular way, under circumstances that suggest that the party will be bound by the ruling or at least will not later seek a reversal on the basis of it" (internal quotation marks omitted)).

As for mother's first and second assignments of error, she argued below, as she does now on appeal, that the juvenile court relied on facts extrinsic to the jurisdictional bases in evaluating the reasonableness of ODHS's efforts and the sufficiency of her progress. *See Dept. of Human Services v. N. T.*, 247 Or App 706, 715-16, 271 P3d 143 (2012) ("[I]f a court, in making its determination under ORS 419B.476(2)(a), relies on facts other than those explicitly stated or fairly implied by the jurisdictional judgment, and doing so affects the substantial rights of a parent, the determination cannot

---

[1] Although the court's order states that the guardianship will be permanent, that specification is not determinative as to what type of guardianship ODHS or any other party ultimately will petition for, as the parties acknowledge. Rather, the only issue before the court was whether to change the plan away from reunification and, if so, what permanency plan to change it to.

be sustained."). Having reviewed the record, we conclude that the juvenile court did not rely on facts that were not fairly implied by the jurisdictional bases in determining that ODHS's reunification efforts were reasonable and that mother's progress was nonetheless insufficient.

Affirmed.